**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

RONNIE ZUCHEGNO, JR.,

      Plaintiff,                                                 COMPLAINT

      v.

TOWNLINE COMMONS, LLC and                 Civil Action No.:
YUM! BRANDS, INC.,

                                                                  **JURY TRIAL REQUESTED**

      Defendants.

-------------------------------------------------------X

      Plaintiff Ronnie Zuchegno, Jr., (hereinafter Mr. Zuchegno), by and through his counsel, the Disability Rights Clinic, Office of Clinical Legal Education, at Syracuse University College of Law and Underberg & Kessler, LLP, brings this Complaint against Townline Commons, LLC ("Defendant Townline") and Yum! Brands, Inc. ("Defendant Yum Brands") (collectively "Defendants") and in support thereof states as follows:

## JURY DEMAND

      Mr. Zuchegno demands a trial by jury on all causes of action so triable.

## PRELIMINARY STATEMENT

      1.     Mr. Zuchegno, a deaf resident of Henrietta, New York, was denied services at a local Kentucky Fried Chicken franchise solely on the basis of his disability.

      2.     Mr. Zuchegno brings this action against Defendants to remedy discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq., and Article 15 of the New York State Executive Law ("Human Rights Law").

1

3. Mr. Zuchegno seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and other appropriate equitable and legal relief.

4. The Court has subject matter jurisdiction over Mr. Zuchegno's ADA claim under 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4). Pursuant to 28 U.S.C. §1367, the Court has supplemental jurisdiction to adjudicate Mr. Zuchegno's claim under the Human Rights Law Pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, the Court may issue a declaratory judgment that Defendants have discriminated against Mr. Zuchegno on the basis of disability.

5. Venue is appropriate under 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of Monroe, State of New York, within the Western District of New York.

## PARTIES

6. At all times relevant to this Complaint, Mr. Zuchegno was a resident of Monroe County, New York.

7. Mr. Zuchegno is an individual with a disability within the meaning of Title III of the ADA, as defined by 42 U.S.C. § 12102, and the Human Rights Law, as in §292(21).

8. At all times relevant herein, Mr. Zuchegno was and remains a qualified individual with a disability for the purposes of the ADA and the New York Human Rights Law because he is deaf and is significantly limited in the major life activity of hearing.

9. Defendant Townline is a limited liability corporation domiciled in New York.

10. Defendant Yum Brands is a foreign North Carolina corporation with a principal office located at 1441 Gardiner Lane, Louisville, Kentucky.

11. Upon information and belief, at all times relevant herein, Defendant Townline owned and operated a local Kentucky Fried Chicken franchise (herein "the local KFC") at 2851 West Henrietta Road, Brighton, New York.

12. Upon information and belief and at all times relevant herein, Defendant Yum Brands is an American fast food corporation that operates and/or assists in the operation of several brands including the local KFC stated above.

13. The local KFC qualifies as a place of public accommodation under 42 U.S.C. §12181(7)(B) and §292(9) of the Human Rights Law.

## FACTUAL CLAIMS

14. On or about January 28, 2019, Mr. Zuchegno, took his three minor children swimming.

15. After spending time at the pool, Mr. Zuchegno took his children to the local KFC for dinner on the way home.

16. Mr. Zuchegno decided to use the drive thru as his children, sitting in the backseat, were still wet from the pool and it was a cold January night.

17. Mr. Zuchegno drove up to the order kiosk placed at the entry of the drive-through lane.

18. There was no sign indicating Mr. Zuchegno had an alternative method of ordering food other than speaking into the intercom on the kiosk.

19. Because he is deaf and unable to use the intercom, Mr. Zuchegno drove past the kiosk and stopped at the pick-up window.

20. Mr. Zuchegno disclosed his deafness to a KFC employee who opened the pick-up window.

21. Mr. Zuchegno gestured for a pen and paper to write down his order.

22. The KFC employee shook his head and refused to hand Mr. Zuchegno a pen and paper even though the latter noticed the employee had a pen and paper sitting on his counter in plain view.

23. Another KFC employee came to the window and gestured for Mr. Zuchegno to leave.

24. Mr. Zuchegno took out his cell phone and began recording the encounter.

25. Police Officer Spencer Bills of the Brighton, NY Police Department arrived and asked Mr. Zuchegno to exit the drive-thru and park in the restaurant's parking lot.

26. Mr. Zuchegno complied with the officer's request and pulled into a parking space.

27. Mr. Zuchegno's three minor children were frightened by the presence of the police and believed their father was about to be arrested.

28. Mr. Zuchegno showed the officer the video he took of the restaurant's employees refusing to serve him.

29. After watching the video, Officer Bills went inside the restaurant.

30. Upon returning to Mr. Zuchegno in the parking lot, the officer explained that the restaurant would not serve him at the drive-through but was willing to serve him if he came into the restaurant.

31. Mr. Zuchegno asked the police officer to file a complaint.

32. Officer Bills indicated that he could not file a complaint because it was not a criminal matter.

33. Mr. Zuchegno and his children left the scene without getting served by the restaurant.

## FIRST COUNT:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff Ronald Zuchegno Jr. repeats and incorporates each and every allegation contained in paragraphs 1-33 of the Complaint as set forth in full herein.

35. Mr. Zuchegno is a person with a disability under the ADA as he has a physical impairment that substantially limits the major life activity of hearing.

36. Mr. Zuchegno has a record of being hearing impaired.

37. Defendant Townline is a covered entity as defined in 42 U.S.C.§12181(7)(b) because it owns and operates a KFC restaurant at 2851 West Henrietta Road, Brighton, New York.

38. Title III of the ADA provides that a defendant has engaged in discrimination where a defendant fails to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities unless such alterations would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. §12182(b)(2)(A)(ii)).

39. Defendant Townline failed to provide Mr. Zuchegno with an accommodation that would enable him to utilize the restaurant's drive-through facility, namely by refusing to allow him to place his order by submitting a written note at the pick-up window.

40. Title III of the ADA provides that a defendant has engaged in discrimination where a defendant fails to take steps necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (42 U.S.C. §12182(b)(2)(A)(iii)).

41. Title III of the ADA provides that a defendant has engaged in discrimination where a defendant fails to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods where removal of a barrier is not readily achievable and such alternative methods are readily achievable. (42 U.S.C. §12182(b)(2)(A)(v)).

42. Defendant Townline's employees failed to provide an alternative means of communication to allow Mr. Zuchegno access to its drive-through services.

## SECOND COUNT:

## VIOLATION OF THE NEW YORK EXECUTIVE LAW

## (HUMAN RIGHTS LAW)

43. Plaintiff Ronald Zuchegno Jr. repeats and incorporates by reference each and every allegation contained in paragraphs 1-42 of the Complaint as set forth in full herein.

44. Mr. Zuchegno is a person with a disability as defined by the New York Human Rights Law §292.21.

45. Defendant Townline's KFC franchise at 2851 West Henrietta Road, Brighton, NY, is a place of public accommodation as defined by the New York Human Rights Law §292.9.

46. The New York Human Rights Law prohibits any owner, agent or employee of any place of public accommodation from engaging in direct or indirect denial of a facility's accommodations, advantages, facilities, or privileges to an individual because of such an individual's disability (§296.2[a]).

47. Defendant Townline's KFC franchise directly denied Mr. Zuchegno use of its drive-through facilities on the basis of his disability in violation of the New York Human Rights Law, §§291.2, 296.2[a].

## THIRD COUNT:

## VICARIOUS LIABILITY

48. Plaintiff Ronald Zuchegno Jr. repeats and incorporates by reference each and every allegation contained in paragraphs 1-47 of the Complaint as set forth in full herein.

49. Upon information and belief, Defendant Yum Brands is the corporate parent of the franchisee, Defendant Townline, which owns the local KFC.

50. Defendant Yum Brands maintains a high degree of control of the operations of the franchisee, Defendant Townline.

51. Defendant Townline is an agent of Defendant Yum Brands.

52. Defendant Townline is required to maintain its' facility and operations pursuant to Defendant Yum Brands' specifications.

53. Defendant Yum Brands directs what training is provided to the employees of Defendant Townline.

54. Defendant Yum Brands requires Defendant Townline to follow strict rules of operation.

55. Defendant Yum Brands requires Defendant Townline to charge a set amount for its' food and beverages.

56. Defendant Yum Brands may cancel the franchise agreement with Defendant Townline if Defendant Yum Brands rules are violated.

57. By allowing Defendant Townline to carry its' KFC brand, Defendant Yum Brands gives apparent authority to Defendant Townline.

58. As such, Defendant Townline acts within Defendant Yum Brands authority.

59. Defendant Yum Brands is liable for the acts committed by Defendant Townline and, specifically, the violations of Title III of the ADA as well as New York Human Rights Law, §§291.2, 296.2[a] against Plaintiff.

WHEREFORE, Plaintiff Ronnie Zuchegno, Jr., respectfully requests that this Court enter judgment:

1. Declaring that Townline Commons, LLC, violated Title III of the Americans with Disabilities Act and the New York State Human Rights Law when it denied Mr. Zuchegno access to its KFC franchise's drive-through on the basis of his disability;

2. Declaring that Townline Commons, LLC, violated Title III of the Americans with Disabilities Act by its disparate treatment of Plaintiff in allowing drivers with typical hearing to access its KFC drive-through while barring Mr. Zuchegno from accessing the same drive-through because of his disability;

3. Directing Townline Commons, LLC, to comply with the Americans with Disabilities Act by modifying its policy and practice to allow Mr. Zuchegno to access the KFC franchise's drive-through by bypassing the order kiosk and submitting written notes to the employees at the pick-up window;

4. Permanently enjoining Townline Commons, LLC, its agents, employees, and all persons acting in concert with it from subjecting Mr. Zuchegno to the franchise's illegal policies, practices, omissions and conditions described above;

5. Declaring Defendant Yum Brands vicariously liable for the acts committed by Defendant Townline in violation of Title III of the ADA as well as New York Human Rights Law, §§291.2, 296.2[a] against Plaintiff;

6. Awarding statutory, compensatory and punitive damages;

7. Awarding reasonable attorneys' fees, litigation costs (including expert fees), disbursements and other expenses related to the lawsuit pursuant to 42 U.S.C. §12205;

8. Retaining jurisdiction over this case until defendant has fully complied with the orders of this Court and there is reasonable assurance that defendant will continue to comply in the future; and,

9. All other such relief as the Court deems just and proper.

Dated:  Rochester, New York
        April 13, 2021

Respectfully submitted,

/s/ *Michael A. Schwartz*

MICHAEL A. SCHWARTZ, ESQ.
Attorney for Plaintiff
Director, Disability Rights Clinic
Office of Clinical Legal Education
Syracuse University College of Law
P.O. Box 6543
Syracuse, NY 13217-6543
(315) 443-4582

/s/ *Jennifer A. Shoemaker*

JENNIFER A. SHOEMAKER, ESQ.
Attorney for Plaintiff
Underberg & Kessler, LLP
300 Bausch and Lomb Place
Rochester, NY 14604-2702
(585) 258-2825