UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONNIE ZUCHEGNO, JR.,

                          Plaintiff,

                                                                      Case # 6:21-CV-6319-FPG

v.

                                                                      DECISION AND ORDER

FQSR, LLC and YUM! BRANDS, INC.,

                          Defendants.
_____

## INTRODUCTION

Plaintiff Ronnie Zuchegno ("Plaintiff"), a deaf resident of the Town of Henrietta, New York, claims that Defendants FQSR, LLC ("FQSR") and Yum! Brands, Inc. ("Yum!") (collectively, "Defendants") violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 121821 *et seq.*, and violated New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law § 290, *et seq.*, by failing to provide an accommodation that would enable Plaintiff to utilize a drive-through facility at a Kentucky Fried Chicken restaurant. ECF No. 34 at 1-2, 5.

The operative complaint, Plaintiff's Second Amended Complaint ("SAC"), ECF No. 34, was filed on October 21, 2021. FQSR filed an answer on November 3, 2021. ECF No. 37. Yum! moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 38. Yum! argues that Plaintiff has failed to state a claim because he has not plausibly alleged (1) "that Yum! 'owns, leases, or operates' the [KFC restaurant]," as required under the ADA; and (2) "Yum!'s 'day-to-day' control over FQSR with respect to its employees' conduct and its decision regarding accessibility technology," as required to state a claim under the NYSHRL. ECF No. 38-

1 at 10, 13. Plaintiff responded in opposition to Yum!'s motion, ECF No. 41, and Yum! replied. ECF No. 42.

For the reasons set forth below, Yum!'s motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

When courts evaluate motions to dismiss, they must accept the facts alleged in the complaint as true and draw all reasonable inferences from those facts in favor of the non-moving party. *Nat'l Fed. of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567 (D. Vt. 2015). Therefore, for the purposes of evaluating Yum!'s motion, the facts below are taken from Plaintiff's SAC and are accepted as true.

### A. January 2019 Incident

Plaintiff "is deaf and is significantly limited in the life activity of hearing." ECF No. 34 ¶ 8. One night in January 2019, Plaintiff was driving his three children home from swimming and decided to stop at a Kentucky Fried Chicken restaurant in Brighton, New York (the "Brighton KFC") to pick up dinner. *Id.* ¶¶ 15, 19-20. Rather than go inside the restaurant, Plaintiff opted for the "drive thru" since his children "were still wet from the pool and it was a cold January night." *Id.* ¶ 21.

Plaintiff pulled his vehicle into the drive-through lane and encountered "the order kiosk" which had an intercom for placing a food order. *Id.* ¶¶ 22, 24. Plaintiff did not see "an alternative method of ordering food other than speaking into the intercom on the kiosk." *Id.* ¶ 23. Unable to use the intercom on account of his deafness, Plaintiff "drove past the kiosk and stopped at the pick-up window." ECF No. 34 ¶ 24.

Upon arriving at the drive-through window, Plaintiff "disclosed his deafness" to an employee. *Id.* ¶ 25. After the employee opened the window, Plaintiff "gestured for a pen and

paper to write down his order." *Id.* ¶ 26. In response, the employee "shook his head and refused" to provide Plaintiff with the means to write down his order, despite the fact that Plaintiff "noticed the employee had a pen and paper sitting on his counter in plain view." *Id.* ¶ 27. A second KFC employee arrived at the window and "gestured for [Plaintiff] to leave." *Id.* ¶ 28. Plaintiff "took out his cell phone and began recording the encounter." *Id.* ¶ 29.

Thereafter, an officer with the Brighton Police Department "arrived" and directed Plaintiff "to exit the drive-thru and park in the restaurant's parking lot."[1] ECF No. 34 ¶ 30. Plaintiff complied and left the drive-through lane. *Id.* ¶ 31. The presence of the officer scared the children, who feared that "their father was about to be arrested." *Id.* ¶ 32. Plaintiff proceeded to show the officer the video he took of the encounter he had with employees at the drive-through window. *Id.* ¶ 33. The video showed "the restaurant's employees refusing to serve [Plaintiff]." *Id.*

After viewing the recording, the officer went inside the Brighton KFC, presumably to speak with employees, while Plaintiff remained in the parking lot. ECF No. 34 ¶ 34. Sometime thereafter, the officer reemerged from the restaurant and returned to the parking lot. *Id.* ¶ 35. He then explained to Plaintiff "that the [Brighton KFC] would not serve him at the drive-through but was willing to serve him if he came into the restaurant." *Id.* ¶ 35. Plaintiff requested that the officer "file a complaint" but he declined to do so "because it was not a criminal matter." *Id.* ¶ 37. Plaintiff and his children "left the scene without getting served by the restaurant." *Id.* ¶ 38.

**B. Yum!'s Control Over Brighton KFC**

Plaintiff seeks to hold Defendants, both of which are corporate entities, liable for his January 2019 encounter with Brighton KFC employees. To that end, he makes allegations about the relationship between each of these entities and the Brighton KFC. With respect to Yum!,

---

[1] The SAC does not indicate who called the officer nor does it include any amplifying details regarding why he was called.

Plaintiff alleges that the entity "is an American fast food corporation that operates and/or assists in the operation of several brands including the [Brighton KFC]." ECF No. 34 ¶ 12. He alleges that Yum! is a "covered entit[y]" within the meaning of the ADA because it "own[s] and/or operate[s]" the Brighton KFC. *Id.* ¶ 42.

Yum! "is the corporate parent of the franchisee, Defendant FQSR, which owns the [Brighton] KFC." *Id.* ¶ 54. As the corporate parent, Yum! "maintains a high degree of control of the operations of the franchisee, FQSR." *Id.* ¶ 55. FQSR is Yum!'s "agent" and, as such, it "is required to maintain its' facility and operations pursuant to [Yum!'s] specifications." *Id.* ¶¶ 56-57.

Yum! exercises its control in the following ways: (1) it "directs what training is provided to the employees of FQSR"; (2) it "requires FQSR to follow strict rules of operation"; (3) it "requires FQSR to charge a set amount for its' [sic] food and beverages." ECF No. 34 ¶¶ 58-60. If FQSR violates Yum!'s rules, Yum! "may cancel [their] franchise agreement." *Id.* ¶ 61. Yum grants FQSR "apparent authority" because it permits "FQSR to carry its' [sic] KFC brand," thus, "FQSR acts within [Yum!'s] authority." *Id.* ¶¶ 62-63.

Plaintiff filed the SAC on October 21, 2021, bringing three claims against Defendants:

1. Violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*;

2. Violations of the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law § 290, *et seq.*; and

3. A "vicarious liability" claim which Plaintiff brings as a separate count.

*Id.* at 5-8. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs. *Id.* ¶ 3.

**LEGAL STANDARD**

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *In re Express Scripts Holding Co. Secs. Litig.*, No. 16 Civ. 3338 (ER), 2018 WL 2324065, at *6 (S.D.N.Y. May 22, 2018) (citing *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)). However, a court "is not required to credit mere conclusory statements or threadbare recitals of the elements of a cause of action." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alterations and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 890 F.3d 60, 65-66 (2d Cir. 2018) (citing *Iqbal*, 556 U.S. at 678) (citation and internal quotation marks omitted).

**DISCUSSION**

**I.     ADA Claim**

"The ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Wilson v. Fabric Cellar, Inc.*, No. 20-CV-244S, 2021 WL 2942354, at *5 (W.D.N.Y. July 13, 2021) (citation & internal quotation marks omitted).

Here, Plaintiff alleges violations of Title III. To state a claim under that section, a plaintiff must show that "(1) he or she is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against him or her by denying him or her a full and equal opportunity to enjoy the services defendants provide." *Id*. (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)).

Yum! does not dispute that Plaintiff has adequately alleged the first or third element. Its argument lies with element two. Specifically, Yum! argues that Plaintiff "has failed to plausibly allege that Yum! 'owns, leases, or operates' the [Brighton KFC] in which he claims to have experienced discrimination."[2] ECF No. 38-1 at 5. In response, Plaintiff contends that he has "sufficiently pled [Yum!'s] operation of the [Brighton KFC] and the policies which resulted in Plaintiff's injuries." ECF No. 41 at 10.

The parties agree that, under Title III of the ADA, "to operate means to put or keep in operation, to control or direct the functioning of, or to conduct the affairs of; manage." *Celeste v. East Meadow Union Free Sch. Dist.*, 373 F. App'x 85, 91 (2d Cir. 2010) (summary order) (citation & internal quotation marks omitted); *see also* ECF No. 38-1 at 5 (citing *Celeste*, 373 F. App'x at 91); ECF No. 41 at 10 (citing *Celeste*, 373 F. App'x at 91).

Yum! argues that it did not operate the Brighton KFC by relying on a recent case in the Southern District of New York, *Sullivan v. Doctor's Associates LLC*, No. 1:19-cv-719-GHW, 2020 WL 353752 (S.D.N.Y. Jan. 17, 2020). In *Sullivan*, plaintiff Phillip Sullivan, Jr. ("Sullivan"), like Plaintiff here, is deaf. *Id.* at *1. Sullivan went into Subway and attempted to order a sandwich using hand gestures. *Id.* The Subway employee responded in a hostile manner and, ultimately, Sullivan's order was not taken. *Id.* Sullivan sued the franchisor, Doctor's Associates LLC ("DAL") under the ADA, arguing that it "failed to provide the same service to deaf individuals as they provide to hearing (i.e., non-deaf) individuals." *Sullivan*, 2020 WL 353752, at *2.

---

[2] Plaintiff has not alleged, save for one conclusory statement (ECF No. 34 ¶ 42), nor has he argued, that Yum! "owns" or "leases" the Brighton KFC. *See generally* ECF No. 34; ECF No. 41. Thus, as Yum! asserts, "the only remaining basis for Plaintiff to establish ADA liability as to Yum! is to properly allege that Yum! operates the restaurant." ECF No. 38-1 at 5; *see also Sullivan v. Doctor's Assocs. LLC*, No. 1:19-cv-719, 2020 WL 353752, at *5-6 (S.D.N.Y. Jan. 17, 2020).

In considering whether Sullivan had adequately plead an ADA claim, the court was faced with the question of whether DAL "operated" the Subway within the meaning of the statute. *Id.* at \*6. Ultimately, the court concluded that Sullivan's "allegations of general control are insufficient to plausibly plead that DAL is an operator under Title III." *Id.* The *Sullivan* court's analysis on this point is instructive.

Here, Plaintiff has alleged the following with respect to Yum!'s control over the Brighton KFC: Yum! "is an American fast food corporation that operates and/or assists in the operation of several brands including the [Brighton KFC]," ECF No. 34 ¶ 12; Yum! is a "covered entit[y]" within the meaning of the ADA because it "operate[s]" the Brighton KFC, *Id.* ¶ 42.; Yum! "maintains a high degree of control of the operations of the franchisee, FQSR," *Id.* ¶ 55; FQSR is Yum!'s "agent" and, as such, it "is required to maintain its' facility and operations pursuant to [Yum!'s] specifications." *Id.* ¶¶ 56-57. Further, and more specific, Plaintiff alleges that Yum! exercises its control in the following ways: (1) it "directs what training is provided to the employees of FQSR"; (2) it "requires FQSR to follow strict rules of operation"; (3) it "requires FQSR to charge a set amount for its' food and beverages." ECF No. 34 ¶¶ 58-60.

These allegations fall short. Under *Sullivan*, "[t]he relevant inquiry to determine whether a franchisor is an 'operator' under Title III is whether the franchisor specifically controls a franchisee's accessibility to the disabled." *Sullivan*, 2020 WL 353752, at \*6 (citation & some internal quotation marks omitted). Nothing in Plaintiff's allegations permits the Court to draw the plausible inference that Yum! "specifically controls . . . accessibility to the disabled." *Id.* at \*3, 6 ("It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must 'nudge[ ]' claims 'across the line from conceivable to plausible.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At bottom, Plaintiff's allegations amount to "allegations of

7

general control" which, under *Sullivan*, are "insufficient to plausibly plead that [Yum!] is an operator under Title III." *Id.* at *6.

Plaintiff attempts to distinguish *Sullivan* from the case at hand, arguing that the *Sullivan* court relied, in part, on an attached franchise agreement. Whereas, here, Plaintiff did not attach "any franchise materials," nor rely on any such materials in this case. ECF No. 41 at 12. Thus, Plaintiff contends, "issues of fact that require further investigation and analysis" preclude the Court from determining Yum!'s "level of operation over FQSR and the [Brighton KFC]." *Id.* This argument is unavailing and the Court agrees with Yum!'s retort: "[t]he fact of the matter is that the plaintiff in *Sullivan* alleged significantly more allegations of the franchisor's control than Plaintiff and such allegations were still found to be insufficient." ECF No. 42 at 4. Even absent franchise materials, it is still Plaintiff's duty to plead sufficient factual content such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sullivan*, 2020 WL 353752, at *3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Plaintiff has failed to do so here, as explained above.

In addition, Plaintiff asserts in his brief that Yum!'s control over the Brighton KFC's operations includes dictating "the methods by which customers place orders in the drive-through and the policies by [which] KFC employees engage with patrons." ECF No. 41 at 11. However, this allegation does not appear in the SAC—indeed Plaintiff does not cite to an allegation in the SAC to support this assertion. *See id.* It is well-settled that a plaintiff cannot amend his pleadings through statements in his brief. *See Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (collecting cases). Thus, the Court disregards this allegation as it "can be dismissed summarily on procedural grounds." *Id.*

Accordingly, for all the reasons discussed above, Plaintiff's allegations are insufficient, under *Sullivan*, to plead that Yum! specifically controls the Brighton KFC's accessibility to the disabled. Yum!'s motion to dismiss Plaintiff's ADA claim is GRANTED and Plaintiff's ADA claim against Yum! is therefore DISMISSED.

**II.     NYSHRL Claim and Vicarious Liability Claim**

In addition to his Title III claims, Plaintiff brings a claim for violations of the NYSHRL. Yum! argues that the NYSHRL claims against it should be dismissed because, *inter alia*, Plaintiff has failed to allege "day-to-day" control over the Brighton KFC and its employees, such as would confer liability under the statute. ECF No. 38-1 at 10-13.

"A claim of disability discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 290–301 (McKinney 2005), is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n. 1 (2d Cir. 2000)). "Thus, to the extent that [a plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as his ADA claim." *Id.*

"[I]n deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and, more specifically, whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case." *Cha v. Hooters of America, LLC*, No. 12–CV–4523, 2013 WL 5532745, at *2 (E.D.N.Y. Sept. 30, 2013).

Here, the allegations underlying Plaintiff's state-law claims are "coextensive with [his] Title III claim." *Sullivan*, 2020 WL 353752, at *7; *see also Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 98 (2d Cir. 2012) (affirming district court's dismissal of NYSHRL claim that was "coextensive

9

with [plaintiff's] Title III claim" and finding that plaintiff's "challenge to the dismissal of the State-law claim thus lack[ed] merit for the reasons discussed . . . with respect to Title III"). As such, Plaintiff's "NYSHRL claim . . . falls with the ADA claim." *Id.* Moreover, Plaintiff has not sufficiently alleged in the SAC "day-to-day control" over the drive-through at the Brighton KFC such as would support a claim under a vicarious liability theory. Accordingly, "because the Court has dismissed Plaintiff's ADA claims, it also dismisses Plaintiff's New York state law claims." *Id.* Yum!'s motion as to the New York state law claims is GRANTED.

## CONCLUSION

For the reasons set forth above, the Yum!'s motion to dismiss for failure to state a claim, ECF No. 38, is GRANTED. The Clerk of Court is directed to terminate Yum! as a defendant in this action.

FQSR, which filed an answer to the SAC, remains a viable Defendant and the Court will refer this case to a United States Magistrate Judge for pretrial proceedings via separate order.

IT IS SO ORDERED.

Dated: April 25, 2022
      Rochester, New York

                                         HON. FRANK P. GERACI, JR.
                                         United States District Judge
                                         Western District of New York